HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOE ANN WEST,

        Plaintiff,

  v.

SEAN J STACKLEY, Secretary of the Navy,

        Defendant.

CASE NO. C17-5367RBL

CASE NO. C17-5368RBL

ORDER DENYING MOTIONS TO PROCEED IFP

THIS MATTER is before the Court on Plaintiff West's application to proceed *in forma pauperis*, supported by her proposed complaint [Dkt. #1]. These cases are two of at least six[1] she has filed in this district this year, all of which appear to be substantially similar to each other and to two putative class action cases she filed last year, *West v. Mabus*, Cause Nos. C16-5191RBL

---

[1] The six pending case are:
*West v Stackley*, C17-5246RJB (filing fee paid),
*West v. Stackley*, C17-5273RBL (filing fee paid),
*West v. Stackley*, C17-5366BHS, (filing fee paid),
*West v. Stackley*, C17-5367RBL (*ifp* pending),
*West v. Stackley*, C17-5368RBL (*ifp* pending),
*West v. Sessions*, C17-5426RBL (filing fee paid).

CASE NO. C17-5368RBL - 1

and C16-5204RBL. The latter two were dismissed because West is not an attorney and cannot represent a class.

West has paid the filing fee in four of her current cases, but seeks to *proceed in forma pauperis* in two: *West v. Stackley*, C17-5367RBL and *West v. Stackley*, C17-5368RBL.

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The Court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). Moreover, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Each of West's pending proposed complaints appear to arise out of the same facts, though it is not at all clear what those facts are. She seeks to sue the Secretary of the Navy, but each of her complaints allege that an EEOC ALJ is violating West's rights and perhaps engaging some sort of misconduct. Cause No. C17-5367RBL complains about Virginia MaGee, while Cause No. C17-5368RBL asserts the exact same complaints about Robert Barnhart:

> This is an action for ongoing reprisal by **EEOC Administrative Judge Virginia M. MaGee** who abuses her position in order to obstruct the judicial power entrusted in her to discriminate and diminished the ability of Joe Ann West to prove her complaint. **EEOC Administrative Judge Virginia M. MaGee** is trading **"Decisions of Dismissal"** with the Department of Defense - Department of the Navy's agents to dismiss complaints against the EEOC. **EEOC Administrative Judge Virginia M. MaGee** has/is in violation of the Ex Parte Clause, the Right to know opposing evidence, opportunity to be represented of the EEOC MD-110 and Federal laws. **Violation of the Privacy Act of 1974. Violation of the Dual Process under the Constitution of the United States. Violation of the Carolyn Jenkin Act of July 9, 2015. Violation the No Fear Act of 2002. Violation of the 5th Amendment. Violation of the 14th Amendment. Violation of the Federal Employee Antidiscrimination Act of 2015 aka H.R. 1557. Violation of The Equal Pay Act of 1963 (EPA), Violation of 5 U.S.C. Chapter 1 Sub Chapter B PART 334, 5 U.S.C. § 2302, 5 U.F.C. 300.103. Violation of the Title VII Civil Right Act of 1964 (Title VII) § 704, §2000e-3 (a). Violation of the Title VII Civil Right Act of 1964 as amended 42 U.S.C. § 2000e-**

[Cause No. C17-5367RBL, Dkt. #1]

These allegations do not meet the *in forma pauperis* standard. First, it is not clear who West is suing, or why. It appears that there is some ongoing EEOC process that she does not like, but there is no indication that this is an appeal of some underlying decision, or that the

administrative process that is a prerequisite for suing here is complete. Furthermore, and in any event, the complaint is largely a list of statutes and conclusory allegations. There is no coherent set of facts that support a plausible claim for relief against any party, much less the only named party.

The Motion for leave to proceed *in forma pauperis* in *West v. Stackley*, C17-5367RBL and *West v. Stackley*, C17-5368RBL is DENIED.

Ordinarily, the Court would permit the plaintiff an opportunity to amend her complaint to cure these defects and articulate a plausible claim, even if it unlikely that she could do so. Here, however, all six of West's current cases in the District are essentially identical, and West has articulated no basis for trying six identical lawsuits over one set of facts. These two cases are redundant, as well as fatally deficient.

*West v. Stackley*, C17-5367RBL and *West v. Stackley*, C17-5368RBL are therefore **DISMISSED** without prejudice to asset the claims in them in one of the remaining cases.

IT IS SO ORDERED.

Dated this 12th day of June, 2017.

_____
Ronald B. Leighton
United States District Judge