HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOE ANN WEST,

    Plaintiff,

v.

SEAN J STACKLEY,

    Defendant.

CASE NO. C17-5367RBL

ORDER DENYING MOTION TO RECUSE

[Dkt. #5]

THIS MATTER is before the Court on Plaintiff Joe Ann West's Motion to Recuse [Dkt. # 5].

West has filed a total of six substantially similar cases this year:

*West v Stackley*, C17-5246RBL (filing fee paid),

*West v. Stackley*, C17-5273RBL (filing fee paid),

*West v. Stackley*, C17-5366RBL, (filing fee paid),

*West v. Stackley*, C17-5367RBL (*ifp* denied),

*West v. Stackley*, C17-5368RBL (*ifp* denied),

*West v. Sessions*, C17-5426RBL (filing fee paid).

- 1

All six have been assigned to this Court, as they are each in turn substantially similar to (and related to) two cases West filed last year, *West v Mabus, et al.*, C16-5191RBL and *West v Mabus, et al.*, C16-5204RBL.

West has also filed a series of substantially similar additional motions in each of her six substantially similar cases. The Court will resolve those motions after the recusal issue is addressed.

West's recusal motion appears to have two bases. She claims it has "come to her attention" that Judge Leighton is "mentioned" as a "MOST HOSTILE WITNESS" in an unidentified EEOC complaint on file in San Francisco, and that he cannot be impartial of fair.

West also complains that Judge Leighton dismissed (without prejudice) two of her recently filed cases, determining that they did not meet the standard to proceed in forma pauperis, and that the claims could be and should be asserted in (one of) the four remaining, substantially similar, recently-filed cases—cases that were not subject to *in forma pauperis* screening because West paid the filing fee to commence them. West claims that she did not have the money to pay two more filing fees, but she also complains that Judge Leighton deprived her of the right to pay those fees rather than assert her claims in one of the other cases.

A federal judge should recuse himself if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." 28 U.S.C. § 144; *see also* 28 U.S.C. § 455; *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir. 1993). This objective inquiry is concerned with whether there is the appearance of bias, not whether there is bias in fact. *See Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992); *see also United States v. Conforte*, 624 F.2d 869, 881 (9th Cir. 1980). ). In the absence of specific allegations of personal bias, prejudice, or interest, neither prior adverse rulings of a judge nor his

1 participation in a related or prior proceeding is sufficient" to establish bias. *Davis v. Fendler*,
2 650 F.2d 1154, 1163 (9th Cir. 1981). Judicial rulings alone "almost never" constitute a valid
3 basis for a bias or partiality motion. *Liteky v. United States*, 510 U.S. 540, 555 (1994).

West's Motion to Recuse does not meet this standard. She has identified no fact that would suggest an appearance of bias, prejudice or interest in the case. The fact that someone (presumably West) put Judge Leighton's name on a "most hostile witness list" in some EEOC proceeding in California does not mean that he will be a witness in that proceeding, and he certainly has not been a witness in any such proceeding to date. A litigant cannot obtain recusal by claiming that they are going to call the judge as a hostile witness in some other proceeding, thus rendering him unable to be fair impartial and requiring his recusal.

West's claim that the Court deprived her of the right to pay a filing fee is similarly without merit. A ruling in a given case is "almost never" a sufficient basis for recusal, and a dismissal without prejudice—and with an invitation to bring the claims in an already-existing, related case—is certainly not the rare exception.

In subsequent filings, West also seems to accuse the Court of having, and failing to disclose, his "working and/or non-working relationship with Attorney Alison Louise McKay," who apparently worked with the Naval Yard in Bremerton. There was and is no relationship, working or not, but even if attorney McKay had appeared in this Court, it is hard to imagine that there was some duty on the Court's part to "disclose" that fact to West.

//

//

//

1 | The Court will not recuse itself voluntarily. The Motion to Recuse [Dkt. #5] is DENIED.

2 | Under LCR 3(e), this Matter is referred to Chief Judge Martinez for review.

3 | IT IS SO ORDERED.

5 | Dated this 10th day of July, 2017.

Ronald B. Leighton
United States District Judge

[DKT. #5] - 4